In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00317-CV


____________________



WOODS CODE 3, INC. d/b/a AMERICOM SITE DEVELOPMENT, Appellant



V.



JPMORGAN CHASE BANK, N.A., Appellee


 




On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 06-07-06449-CV






OPINION



 Woods Code 3, Inc. d/b/a Americom Site Development ("Americom") appeals the
take-nothing summary judgment granted in favor of JPMorgan Chase Bank, N.A. ("Chase")
on Americom's claims of aiding and abetting breach of fiduciary duty under Section 3.307
of the Texas Business and Commerce Code and common law. (1) See Tex. Bus. & Com. Code
Ann. § 3.307 (Vernon 2002). We hold that the summary judgment evidence does not raise
a genuine issue of material fact that Chase knew of the breach of duty by the fiduciary. 
Accordingly, we affirm the judgment.

 Americom raises two issues on appeal:

 [Issue One:] The trial court erred in granting a summary judgment in favor
of Chase and against Americom with respect to Americom's claim for aiding
and abetting a breach of fiduciary duty under sections 3.306 and 3.307 of the
Texas Business and Commerce Code and under Texas common law, because
genuine issues of material fact existed that precluded a summary judgment. (2)


 [Issue Two:] The trial court erred in granting a summary judgment in favor
of Chase and against Americom on the statute of limitations, because Chase
had taken some of the checks less than three years prior to the filing of the
lawsuit and there were genuine issues of material fact regarding discovery.


 Americom gave its former bookkeeper, Terrie Johnson, signature authority to transact
business on Americom's bank account with Woodforest National Bank, N.A. (3) From 2000
to 2005, Johnson wrote hundreds of Woodforest account checks and deposited the checks
into her personal checking account with Chase. (4) Some of the checks were made payable to
Johnson and indorsed by her signature, but many of the checks were signed in blank or made
payable to fictitious accounts or payees and were indorsed for deposit only to Johnson's
personal account. Chase accepted the checks for deposit into Johnson's account and
Woodforest honored all of the checks.

 On appeal, Americom argues a fact issue exists on whether Chase had notice of
Johnson's breach of fiduciary duty pursuant to Section 3.307 of the Texas Business and
Commerce Code. See Tex. Bus. & Com. Code Ann. § 3.307. In reviewing the granting of
a summary judgment, we accept as true all evidence favorable to the non-movant, indulge
every reasonable inference in favor of the non-movant, and resolve any doubts in the
non-movant's favor. Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548-49 (Tex.
1985). The summary judgment will be affirmed only if the movant establishes its right to
summary judgment as a matter of law. Tex. R. Civ. P. 166a(c).

 In the transactions at issue, the checks were issued by Americom, signed by Johnson
as Americom's fiduciary, and were taken by Chase for deposit into Johnson's personal
account. Chase "does not have notice of the breach of fiduciary duty unless the taker knows 
of the breach of fiduciary duty." See Tex. Bus. & Com. Code Ann. § 3.307(b)(3). (5) 
"Knowledge" means actual knowledge and "[k]nows" has a corresponding meaning. Tex.
Bus. & Com. Code Ann. § 1.202(b) (Vernon 2009). The summary judgment evidence
contains no evidence that any of the tellers who took the checks were aware or even
suspected that Johnson did not have the authority to deposit the checks into her account.

 In its summary judgment response, Americom argued that Chase knew of the breach
of fiduciary duty because Chase's tellers accepted checks for deposit into Johnson's account
that were not made payable to Johnson and Johnson did not place her signature on the back
of the checks. (6) Many of the checks did not state a payee, or were payable to the order of
cash, and Johnson personally deposited the checks into her account. See Tex. Bus. & Com.
Code Ann. § 3.109(a) (Vernon 2002). Others were payable to Johnson personally and
deposited by her into her account. Many others did not name a payee but were payable to a
number that did not correspond to a bank account number.

 Americom argues that a fact issue is raised by Chase's acceptance for deposit into
Johnson's account checks not made payable to Johnson in her name. However, the summary
judgment record establishes that Johnson wrote the checks with herself as the intended payee. 
"The person to whom an instrument is initially payable is determined by the intent of the
person, whether or not authorized, signing as, or in the name or behalf of, the issuer of the
instrument." Tex. Bus. & Com. Code Ann. § 3.110(a) (Vernon 2002). "The instrument is
payable to the person intended by the signer even if that person is identified in the instrument
by a name or other identification that is not that of the intended person." Id. "A person to
whom an instrument is payable may be identified in any way, including by name, identifying
number, office, or account number." Id. § 3.110(c). "If an instrument is payable to an
account and the account is identified only by number, the instrument is payable to the person
to whom the account is payable." Id. § 3.110(c)(1).

 Americom argues Chase knew of Johnson's breach of fiduciary duty because her
signature does not appear on the back of many of the checks. Johnson wrote "deposit only"
and her personal bank account number on the back of each check. A bank may accept an
unindorsed check for collection. Tex. Bus. & Com. Code Ann. § 4.205 (Vernon 2002). 
None of the instruments were payable to Americom; accordingly, the absence of Americom's
or Johnson's name on the indorsement would not provide Chase with actual knowledge of
a breach of fiduciary duty by Johnson. Compare Tex. Bus. & Com. Code 
Ann. § 3.307(b)(2) ("[I]n the case of an instrument payable to the represented person or the
fiduciary as such, the taker has notice of the breach of fiduciary duty if the
instrument is: . . . (C) deposited to an account other than an account of the fiduciary, as such,
or an account of the represented person[.]") with Tex. Bus. & Com. Code Ann. § 3.307(b)(3)
("[I]f an instrument is issued by the represented person or the fiduciary as such, and made
payable to the fiduciary personally, the taker does not have notice of the breach of fiduciary
duty unless the taker knows of the breach of fiduciary duty[.]").

 Notice pursuant to Section 3.307(b) provides Americom's sole basis argued on appeal
to support Chase's liability for aiding and abetting a breach of fiduciary duty. No genuine
issue of material fact exists regarding whether Chase knew Johnson was breaching her
fiduciary duty to Americom when she deposited the checks into her personal account with
Chase. Americom contends Chase had notice of Johnson's breach of fiduciary duty
sufficient to alter Chase's status as a holder in due course because the checks were deposited
into an account other than an Americom account or a fiduciary account, but that notice would
apply only to instruments made payable to Americom or to Johnson as a fiduciary. See Tex.
Bus. & Com. Code Ann. § 3.307(b)(2); see also Tex. Bus. & Com. Code Ann. § 3.307, cmt.
3. The summary judgment record reveals that none of the checks were payable to Americom
or to Johnson as Americom's fiduciary. We overrule issue one.

 Americom's second issue challenges an independent ground for partial summary
judgment raised by Chase in its second motion for summary judgment, which asserted a
limitations defense regarding all checks deposited before July 5, 2003. Americom contends
that "Chase's limitations defense would not defeat Americom's cause of action under section
3.307 of the UCC" for those checks deposited within three years of Americom filing suit on
July 5, 2006. See Tex. Bus. & Com. Code Ann. § 3.118(g) (Vernon 2002). Because we
affirm the summary judgment on the ground that Chase established its right to summary
judgment as a matter of law on Americom's claims for aiding and abetting a breach of
fiduciary duty under Section 3.307 of the Texas Business and Commerce Code, the judgment
may be affirmed without deciding whether Chase established its limitations defense as a
matter of law. Thus, addressing issue two is not necessary to final disposition of the appeal. 
See Tex. R. App. P. 47.1. Accordingly, we affirm the judgment without addressing issue two.

 AFFIRMED.


 

 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on May 14, 2009

Opinion Delivered July 16, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Americom alleged other claims not at issue in this appeal.
2. Americom's petition does not mention Section 3.306. See Tex. Bus. & Com. Code
Ann. § 3.306 (Vernon 2002).
3. Americom non-suited its claims against Woodforest.
4. Americom recovered against Johnson in a separate lawsuit.
5. Americom relies on Section 3.307(b)(2). See Tex. Bus. & Com. Code Ann.
§ 3.307(b)(2) (Vernon 2002). None of the checks were payable to Americom or to Johnson
in her fiduciary capacity. Accordingly, Section 3.307(b)(2) does not apply in this case. 
Chase was not the payee on any of the checks; thus, Section 3.307(b)(4) is also inapplicable
here. See id. § 3.307(b)(4).
6. As we have noted above, some checks were payable to Johnson and her signature
often appears on the back of those checks.